HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN CURTIS DUCKWORTH,

    Plaintiff,

v.

PIERCE COUNTY,

    Defendant.

CASE NO. C14-1359 RBL

ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS

[Dkt. #17]

THIS MATTER is before the Court on Defendants' Rule 12(c) Motion for Judgment on the Pleadings and to Stay Discovery. [Dkt. # 17]. Plaintiff Duckworth heard screaming[1] outside his home, and his wife called 911. He thought the officers were taking too long to respond, so he picked up a baseball bat and went to investigate the screams himself. He met Pierce County Sheriff's Deputy Carpenter and, he claims, tried to lead him to the source of the screaming. Instead of following, Deputy Carpenter ordered Duckworth to drop the bat and get on the ground. Duckworth claims Carpenter said, "Shut up. Get on the ground, or I'll shoot you," and that Carpenter physically took him to the ground, causing cuts to his face and arms and

---

[1] Plaintiff alleges the sounds were violent and included "help" "rape" and "stop stabbing me." The arrest report discussed below suggests that the sound came from transients having apparently consensual sexual relations.

1  aggravating a pre-existing knee injury.  He was arrested for interfering with a police officer and
2  resisting.
3        Duckworth sued Pierce County, the Sheriff's Department, and Deputy Carpenter.  He
4  asserts §1983 constitutional claims for false arrest and excessive force, a *Monell* claim for failure
5  to train, and state law claims for assault and battery, intentional infliction of emotional distress,
6  and false imprisonment.  He filed a state law pre-claim notice, and filed this lawsuit thirty days
7  later.  Defendants seek judgment on the pleadings, based almost exclusively on their own version
8  of the facts.  They ask the Court to take Judicial Notice of the Arrest Report, the Pre-Claim
9  Notice, and a District Court Order that they claim establishes as a matter of law that Carpenter
10  had probable cause to arrest him.
11        Defendants argue that Duckworth's state law claims are barred by his failure to wait the
12  statutorily-required 60 days before filing suit.  They argue that because the District Court
13  "determined" that there was probable cause, "as pled, the arrest *and the amount of force used* in
14  the encounter does not implicate a constitutional right." [Dkt. #17 at 6 (emphasis added)] They
15  also argue that Carpenter is, in any event, entitled to qualified immunity from these claims.
16        Duckworth concedes that his state law claims are fatally flawed, and those claims are
17  DISMISSED.  But, he argues, the existence of probable cause (and the reasonableness of the
18  force used) present questions of fact that the court cannot determine on a motion for judgment on
19  the pleadings, particularly where the Court is asked to consider evidence not referenced in the
20  complaint, and where the defendant asks the Court to view that evidence in the light most
21  favorable to him, rather than the non-moving party.  Carpenter's Reply includes a fourth court
22  document—a pre-trial diversion agreement—which he claims is a binding admission that the
23  arrest was supported by probable cause [Dkt. #23].
24

The standard applicable to a 12(c) motion for judgment on the pleadings mirrors that of a 12(b)(6) motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550. Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

The Court will not take judicial notice of the submitted evidence in considering a Rule 12(c) Motion. The documents are not "referenced extensively" in the complaint; they are not referenced in the complaint, at all. Nor do they "form the basis of" the plaintiff's claim. *See United States v Ritchie*, 342 F.3d 903, 908 (9th Cir. 203). And the documents do not purport to demonstrate what the Defendant claims they do: they are perhaps evidence of Carpenter's claim

1  that he had probable cause to arrest Duckworth, but they are not insurmountable "proof" of that
2  factual determination.  They certainly are not proof that the "amount of force used" was
3  reasonable as a matter of law; not one even mentions the issue.
4       The existence of probable cause to arrest Duckworth in the first place, and the
5  reasonableness of the force used to make that arrest, are inherently questions of fact.  There are
6  cases in which such questions can be resolved on summary judgment, but the "reasonableness"
7  of an action can be determined on the pleadings only in the rare case.  This is not that case.
8  Defendants' Motion for Judgment on the Pleadings that Carpenter did not violate Duckworth's
9  constitutional rights as a matter of law is DENIED.
10       Qualified immunity "shields an officer from suit when he makes a decision that, even if
11  constitutionally deficient, reasonably misapprehends the law governing the circumstances she
12  confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).  The Supreme Court has endorsed
13  a two-part test to resolve claims of qualified immunity: a court must decide (1) whether the facts
14  that a plaintiff has alleged "make out a violation of a constitutional right," and (2) whether the
15  "right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson*
16  *v. Callahan*, 553 U.S. 223, 232 (2009)[2].  A government official's conduct violates clearly
17  established law when, "at the time of the challenged conduct, '[t]he contours of [a] right [are]
18  sufficiently clear' that every 'reasonable official would have understood that what he is doing
19  violates that right.'" *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011) (quoting *Anderson v.*
20  *Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034 (1987)).  A case directly on point is not required,
21  "but existing precedent must have placed the statutory or constitutional question beyond debate."
22
23
24      [2] In *Pearson*, the Supreme Court reversed its previous mandate from *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001) requiring district courts to decide each question in order.

1  *Id.* (citing *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, (1986)).  Qualified immunity
2  protects officers not just from liability, but from suit: "it is effectively lost if a case is erroneously
3  permitted to go to trial," and thus, the claim should be resolved "at the earliest possible stage in
4  litigation." *Anderson*, 483 U.S. at 640 n.2.  The purpose of qualified immunity is "to recognize
5  that holding officials liable for reasonable mistakes might unnecessarily paralyze their ability to
6  make difficult decisions in challenging situations, thus disrupting the effective performance of
7  their public duties." *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009).  Because "it is
8  inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude
9  that probable cause [to arrest] is present," qualified immunity protects officials "who act in ways
10 they reasonably believe to be lawful." *Garcia v. County of Merced*, 639 F.3d 1206, 1208 (9th
11 Cir. 2011) (quoting *Anderson*, 483 U.S. at 641) (bracket added).

12     Even if the officer's decision is constitutionally deficient, qualified immunity shields him
13 from suit if his misapprehension about the law applicable to the circumstances was reasonable.
14 *Brosseau*, 543 U.S. at 198 (2004).  Qualified immunity "gives ample room for mistaken
15 judgments" and protects "all but the plainly incompetent." *Hunter v. Bryant*, 502 U.S. 224, 229,
16 112 S.Ct. 534 (1991).

17     Carpenter's Motion seeks a ruling that he is entitled to qualified immunity as a matter of
18 law, based only on Duckworth's complaint.  It repeats the theme that Carpenter's conduct can
19 seem excessive "only if viewed in a vacuum."  He claims that they were in fact "reasonable
20 under the circumstances."  He argues that Duckworth was "by all accounts" "a large man
21 brandishing a baseball bat in the middle of the night," and describes Duckworth's injuries as
22 "minor abrasions."  He—or rather, his motion; his version is not in the record— claims that
23 Duckworth's actions were "inexplicable" and "threatening."  These are inherently factual
24

1 | allegations that Carpenter asks the Court to accept as true.  But they are made by *Carpenter*, the
2 | moving party—*not by Duckworth*.  Based on them, Carpenter asks the Court to find as a matter
3 | of law that "looking at the totality of the circumstances through the perspective of Deputy
4 | Carpenter," his actions were "objectively reasonable" as a matter of law. [Dkt. #17 at 9]  But
5 | Duckworth's complaint describes himself as a concerned citizen understandably holding a bat
6 | while trying to assist both a crime victim and the officers he called.  Carpenter has not described
7 | his "perspective," at all—he cannot, in the context of this motion.

8 |       Each of the qualified immunity cases upon which Carpenter relies involves at least a
9 | motion for summary judgment, and some involve a jury trial.  None involves a judgment on the
10 | pleading finding qualified immunity in an excessive force case.  Carpenter's entitlement to
11 | qualified immunity cannot be resolved on the pleadings in this case, and his Motion so seeking is
12 | DENIED.

13 |       Finally, Pierce County argues that Duckworth's *Monell* claim against it fails on the
14 | pleadings.  It argues first that the Pierce County Sheriff's Department is not a viable defendant
15 | for a §1983 claim. Duckworth does not dispute this claim, and the Sheriff's Department itself is
16 | DISMISSED.

17 |       The County also claims that Duckworth's "bald claim" that Pierce County's failure to
18 | train was a moving force behind a constitutional violation cannot support a *Monell* claim as a
19 | matter of law.  Duckworth points to numerous, specific "failures to train." He also points out that
20 | the corrective for an inadequate pleading on this point is amendment, not dismissal.

21 |       Duckworth's *Monell* claim against the County is not fatally deficient as a matter of law.
22 | He has pled a plausible claim and the County's criticisms of it would be more persuasively
23 |
24 |

1  leveled in a motion for summary judgment, after discovery. The Motion for Judgment on the

2  Pleadings on the *Monell* claim is DENIED.

3        The Defendants' Motion for Judgment on the Pleadings on Duckworth's claim against

4  the Sheriff's Department itself, and on his state law claims, is GRANTED, and those claims are

5  DISMISSED with prejudice. The remainder of the Motion for Judgment on the Pleadings is

6  DENIED. The Motion to Stay Discovery is DENIED.

7        IT IS SO ORDERED.

8        Dated this 30th day of April, 2015.

                                            RONALD B. LEIGHTON
                                            UNITED STATES DISTRICT JUDGE